DECISION
Defendant adjusted Plaintiff's 2005 state income tax return, denying Plaintiff's claim for a working family child care credit and a corresponding credit for dependent care expenses.
A trial was held February 7, 2008. Plaintiff appeared and testified on her own behalf. Defendant was represented by Leah Hinton, an auditor with the Department of Revenue. Subsequently, written submissions were filed by the parties. The record closed April 7, 2008.
 I. STATEMENT OF FACTS
In 2005, Plaintiff worked full time in the Klamath Falls area. She had three children that required child care services. Those services were provided by Doris Salata.
Plaintiff reported $4,098 in child care expenses in 2005. The majority of that was originally paid by the Oregon Department of Human Services (DHS). Plaintiff claims she was later billed for those charges by DHS. She further contends that she repaid that agency in full. *Page 2 
Defendant reviewed Plaintiff's return and certain additional information and ultimately concluded that Plaintiff failed to substantiate the payment of her expenses for child care.
 II. ANALYSIS
ORS 315.262[1] provides a refundable credit for certain low-income taxpayers to partially offset the taxpayer's child care costs incurred for the purpose of allowing the taxpayer to work or attend school. That credit is commonly referred to as the working family child care credit. The statute provides in relevant part:
 "A qualified taxpayer shall be allowed a credit against the taxes otherwise due under ORS chapter 316 equal to the applicable percentage of the qualified taxpayer's child care expenses (rounded to the nearest $50)."
ORS 315.262(2).
ORS 316.078 provides for a nonrefundable credit for certain employment-related expenses, including child care, paid by a taxpayer for the care of a dependent child or children. That credit is referred to as the dependent care credit.
When, as in this case, the Department of Revenue (department) denies the credit and the taxpayer appeals, the taxpayer must prove her case by a preponderance of the evidence. ORS 305.427. This court has previously ruled that "[p]reponderance of the evidence means the greater weight of evidence, the more convincing evidence." Feves v. Dept. of Revenue, 4 OTR 302, 312 (1971); see also Riley Hill General Contractor v. TandyCorp., 303 Or 390, 394, 737 P2d 595 (1987) (defining "preponderance" as "the greater weight of evidence.") *Page 3 
The question in this case is whether Plaintiff convincingly demonstrated that she actually repaid DHS for the child care services her children received during 2005.
DHS clearly reported (Ptf's ltr at 3, Mar 3, 2008 (notice dated July 9, 2007)) that $3992 was repaid "in full" on Plaintiff's account. It is specifically noted to be for "DAY CARE" and not some other type of debt. Although it does not delineate specifically who made the payments and when they were received, those details were provided by Plaintiff's sworn, uncontradicted testimony.
Plaintiff testified under oath that she made payments to the DHS Overpayment Recovery Unit for all of the amounts overpaid and rebilled to her. She stated the "vast majority" of the sums were paid back during calendar year 2005.
OAR 150.315.262(3) states that "[t]he payments must be made by the parent claiming the working family child care credit. Payments made by an entity or individual other than the parent claiming the credit are not payments made by the taxpayer." Plaintiff submitted copies of 21 canceled checks (Ptf's ltr at 4-23, Mar 3, 2008) payable to the State of Oregon. They spanned the years 2005, 2006, and 2007.
The court finds Plaintiff's evidence both consistent and persuasive. Moreover, the court finds the witness to be credible. In these appeals, a preponderance of the evidence is required to sustain the burden of proof. That burden of proof shall fall upon the party seeking affirmative relief. ORS 305.427. Plaintiff has clearly met that statutory requirement in this record. *Page 4 
 III. CONCLUSION
On the evidence before it, the court is persuaded that Plaintiff repaid DHS for all of the 2005 child care expenses. Accordingly, Plaintiff's request for the working family child care credit and the credit for dependent care expenses is granted. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is granted.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Jeffrey S. Mattson on June 18,2008. The Court filed and entered this document on June 18, 2008.
[1] All references to the Oregon Revised Statutes (ORS) are to 2005. *Page 1